UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ANGELA LYLES, *et al*, | § | |
| | § | |
|     Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. G-09-300 |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, *et al*, | § | |
| | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

**I.  INTRODUCTION**

Before the Court are the defendants, Deutsche Bank National Trust Company, Trustee for Long Beach Mortgage Loan Trust 2006-6 and JP Morgan Chase Bank, N.A., collectively ("defendants"), presenting their motion for summary judgment, brief and supporting documents (Document No. 8) and the plaintiff, Angela M. Lyles and Harvey P. Smith's response to the defendants' motion (Document No. 14).  The Court has examined the documents on file and determines that the defendants' motion for summary judgment should be granted.

**II.  FACTUAL BACKGROUND**

The underlying facts appear, essentially, to be undisputed.  On or about May 24, 2006, the plaintiff [Lyles] executed a fixed/adjustable rate note payable to Long Beach Mortgage Company in the amount of $540,000.  The note was secured by a deed of trust concurrently executed by both plaintiffs.  The note and deed of trust pertained to a property located at 2503 Bayfront Drive, Pearland, Texas.  In addition to the note and deed of trust, the plaintiff [Lyles] executed a waiver of escrow trust.  Hence, the plaintiffs were responsible to timely pay all taxes assessed against the property by appropriate taxing authorities.

According to the plaintiffs, the property in question was secured by a first and second lien. The first lien was identified by a note and deed of trust in the amount of $540,000 and assigned loan number 0698213154. The second lien was identified by a note and deed of trust in the amount of $135,000 and assigned loan number 0698213162.

According to the defendants, the plaintiffs defaulted on the notes, presumably the first and second lien notes, on August 5, 2009. When the plaintiffs failed to cure the default satisfactory to the defendants on September 9, 2009, the defendants notified the plaintiffs that the mortgage was being accelerated and that a foreclosure sale of the property was set for October 6, 2009. The foreclosure sale occurred as scheduled, and the property was purchased for $573,018.07.

The defendants assert that all legally required notices were sent in accordance with the note, deed of trust and the Texas Property Code. The plaintiffs dispute this fact and their disputes are the focus of this suit.

## III.   CONTENTIONS OF THE PARTIES

### A.   The Plaintiffs' Contentions

The plaintiffs first make the point that the defendants foreclosed on the first lien, not the second lien. Yet, the plaintiffs then suppose that were the foreclosure proceedings on the second lien instead of the first, the sale resulted in an excess above the $135,000 lien, the first lien is still in place, and they are owed approximately $400,000. Following this thinking, the plaintiffs assert that the defendants' Exhibit "E" could not be a proper notice to accelerate the first lien note because the notice related to loan number 0698213162, the second lien note, "which [notice] should have been sent to Plaintiffs prior to acceleration of maturity of the $540,000 note…."

The plaintiffs assert that the notes were not in default at the time that the defendants accelerated the note(s); hence, the trustee had no authority to sell the property and issue a trustee's deed. Therefore, the trustee's deed is void. The plaintiffs argue that the defendants created the instance(s) of default by applying their mortgage payments, in whole or in part, to pay property taxes that the plaintiffs had elected, under the Texas Tax Code, to defer pursuant to state law. *See Id.* at §§ 33.06(a) and (b).

Finally, the plaintiffs assert that the notice of intent to accelerate the note, dated August 5, 2009, referenced only the $135,000 note (0698213162) and, therefore, does not satisfy the defendants' obligation to properly notice the plaintiffs of their intent to accelerate the $540,000 note (0698213154). The August notice referenced past due monthly installments and late charges due to the defendants' election to advance taxes and insurance that were not paid by the plaintiffs on the property. The notice indicated that advances were made "to protect its security interest in [the property]," and that if the breach was not cured by September 4, the mortgagee would accelerate the maturity of the note and foreclose (sell) the property.

### B.   The Defendants' Contention

The defendants first contend that the plaintiffs' claim of wrongful foreclosure is without merit. In this regard, the defendants rely on *Charter Nat'l Bank-Houston v. Stevens*, 781 S.W.2d 368 (Tex. App.—Houston [14th Dist.] 1989, writ denied). There, the state court points to three elements (bases) necessary for asserting a wrongful foreclosure; i.e., (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and, (3) a causal connection between the defect and the grossly inadequate selling price. *Id*. at 371.

The defendants contend that the plaintiff [Lyles] was notified by certified mail of her default and that she failed to cure the default. As well, the defendants assert that the sale price

3

was adequate in relation to the market value of the property. Finally, the defendants dispute that there is no causal connection between the "alleged" defect in the foreclosure sale and the sales price. In other words, the defendants contend that the plaintiffs cannot point to any "irregularity" in the foreclosure sale that resulted in a sale that was grossly inadequate in sale price. Instead, the defendants argue that the plaintiffs' decision to defer the payment of real estate taxes resulted in a tax lien that by state statute took priority over its mortgage lien and this decision violated the plaintiffs' obligation(s) under the deed of trust. Therefore, the defendants assert that summary judgment is appropriate.

## IV.     SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative, summary judgment should be granted. *Id.* at 249-50; *see also Shields v. Twiss*, 389 F.3d 142, 149-50 (5th Cir. 2004).

Under Rule 56(c) of the Federal Rules of Civil Procedure, the moving party bears the initial burden of "informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 - 87 (1986); *Adams v. Travelers Indem. Co. of Connecticut,* 465 F.3d 156, 163 (5th Cir. 2006). Where the moving

party has met its Rule 56(c) burden, the nonmovant must come forward with "specific facts showing that there is a *genuine issue for trial."* *Matsushita*, 475 U.S. at 586-87 (quoting Fed. R. Civ. P. 56(e)) (emphasis in original); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); and *Adams*, 465 F.3d at 164.  To sustain the burden, the nonmoving party must produce evidence admissible at trial showing that reasonable minds could differ regarding a genuine issue of material fact. *Anderson*, 477 U.S. at 250-51; 255; *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998).  In deciding a summary judgment motion, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson,* 477 U.S. at 255.

## V. ANALYSIS AND DISCUSSION

The plaintiffs set out in their response a five (5) page dissertation on the law of foreclosure generally, but fail to make an application to the facts at hand.  It appears that the basis of the plaintiffs' wrongful foreclosure claim is that:  (a) the plaintiffs were not in default; (b) the defendants failed to give proper notice of its intent to accelerate the $540,000 note; and (c) agents of the mortgage companies engaged in inequitable conduct in that promises and representations were made in an effort to resolve disputes concerning the note and tax issue that were not kept.

Taking the tax-note issue on as the nucleus of the parties' dispute, the Court determines that the defendants were authorized to apply the note payment(s) to delinquent taxes.  State statute permits an individual over the age of 65 to defer taxes owed on property declared as homestead.  *See* Tex. Tax Code § 33.06(a).  And the statute goes further, permitting the deferred taxes to simply rest against the property while not permitting the taxing authority to file a suit to collect or foreclose the tax lien.  *See Id*. § 33.06(b).  Nevertheless, a tax lien is created and

5

remains on the property until it is sold. The fact that the taxes are deferred, however, does not excuse the plaintiffs' obligations under the deed of trust. The deed of trust provides that the plaintiffs "shall" pay all taxes, assessments, charges and fines that may attain priority over the defendants' lien. Tax liens from an authorized taxing authority are granted priority over liens such as deeds of trust. *See* Tex. Tax Code § 32.05(b). Hence, while the plaintiffs had a legal right to defer the payment of real estate taxes assessed against their homestead, that right does not trump their prior obligation to timely pay these same taxes upon assessment. Therefore, the Court is of the opinion that the evidence is undisputed that the plaintiffs were in breach of a term(s) of the deed of trust and, therefore, in default authorizing the defendants to create an escrow account and seek reimbursement of taxes paid on behalf of the plaintiffs.

Next, the plaintiffs argue that the defendants failed to give proper notice of its intent to accelerate the $540,000 note. Specifically, the plaintiffs argue that the defendants have presented no evidence that they gave notice of their intent to accelerate maturity of the $540,000 note. The plaintiffs also object to the defendants' Exhibits 8-(E) and (F) on the basis that they are not authenticated. The Court is of the opinion that the plaintiffs' authenticity objection to defendants' Exhibits 8-(E) and (F) should be and it is overruled.

It is undisputed that the plaintiffs received the notices. Nevertheless, it is true that the defendants' Exhibit 8(E), the notice of intent, references the $135,000 note while the notice of acceleration, Exhibit 8(F), the notice of acceleration, references the $540,000 note. And, it is true that the foreclosure that occurred on October 6, 2009, effectively, foreclosed both notes. There is also no dispute that the plaintiffs were not confused about the defendants' intent. Nor can the plaintiffs argue that notice was not forwarded to the last known address of the plaintiffs, according to the documents, their agreement and statute. *See* Tex. Prop. Code § 51.002(e).

The issue, therefore, is whether the two notices, taken together, satisfy the requirements of notice under § 51.002(b). The Court is of the opinion that they do. The notes and deeds of trust concerning the two loans are interlocking agreements—meaning that a default on one note or deed of trust obligation triggers a default on the other. Here, the default in tax obligation by the plaintiffs resulted in a lien on the "property" that secured both notes and deeds of trust. *See* Tex. Tax Code § 35.05(b). Hence, any timely notice of default, irrespective of loan number, and any notice of acceleration, irrespective of loan number, addresses the heart of the plaintiffs' breach—a tax lien. Therefore, the Court is of the opinion that all notices were proper and sufficient.

Third, the plaintiffs argue that equity should aid their cause and that the defendants should be estopped from enforcing provisions of the deed of trust. Without asserting as fact, the plaintiffs suggest that late payments were accepted, the note was reaffirmed by agents of the defendants or their predecessor and, therefore, acceleration was waived. Moreover, they never received a notice of their right to reinstatement of the note. The plaintiffs also point to what they describe as a "grossly inadequate consideration" obtained at the point of sale.

The Court rejects the plaintiffs' claim that equity aids their cause. Their hands are not clean. Where the notices required by statute are properly given, a foreclosure is presumed to be proper. *See* Tex. Property Code § 51.002. Conversations between agents of a mortgagee and the mortgagor concerning working out a reinstatement of a note or resolution of an escrow dispute do not create a new and distinct obligation on the part of the parties unless it is the parties' intent to do so. In that event, the agreement must be of equal dignity with the document(s) to be modified. That is not the case here. The plaintiffs do not suggest that any agreement exists between the parties beyond the loans and deeds of trust at issue. Therefore, these bases for

equitable relief are unmeritorious. Finally, the plaintiffs argue that the defendants failed to comply with their obligation to mail its notices to "the most recent address" of the plaintiffs, citing Tex. Property Code § 51.002(e). The plaintiffs argue that the defendants were obligated to mail all notices to their address in Houston, Texas, as opposed to the Pearland, Texas, address. The defendants argue that § 51.002(e) requires only that notice be forwarded by certified mail by United States mail, postage paid to the debtor's last known address. The defendants assert that they complied with the statute in this respect and the record provided does not refute this assertion. The Court is of the opinion that the defendants complied with the terms of the notes; deeds of trust and the statute; and, therefore, their motion for summary judgment should be, and it is hereby GRANTED. All remaining claims and contentions, if any, are DENIED.

    IT IS SO ORDERED.

    SIGNED at Houston, Texas this 11th day of January, 2011.

                                        Kenneth M. Hoyt
                                        United States District Judge